IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br> ex rel. BLOCKQUOTE, INC., <br><br> Plaintiff-Relator, <br><br> v. <br><br> TOPY AMERICA, INC., <br><br> Defendant. | ) <br> ) <br> ) Case No. 3:24cv28 GFVT <br> ) **FILED UNDER SEAL** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Eastern District of Kentucky
FILED
APR 01 2024
AT FRANKFORT
Robert R. Carr
CLERK U.S. DISTRICT COURT

## COMPLAINT

1.  Relator Blockquote, Inc. ("Relator") brings this action on behalf of itself and the United States of America against defendant Topy America, Inc. for a violation of the federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.*

2.  This action seeks to recover funds that were loaned to Defendant through the federal Government's Paycheck Protection Program ("PPP") and forgiven by the Government as a result of false applications.

3.  Topy America Inc., a subsidiary of Japanese company Topy Industries, Ltd., received forgiveness for a Second Draw PPP loan of $2 million.

4.  Under the SBA's affiliation rules—which were clarified in May 2020 to include domestic and foreign affiliates—Topy America should have included the thousands of employees of Topy Industries when evaluating its eligibility for the loan. Had it done so, Topy America and its affiliates would have exceeded the

300-employee limit for Second Draw PPP funding.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. §§ 1331, 1345.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 31 U.S.C. § 3732(a), as the defendant resides or transacts business in this jurisdiction and violations of the False Claims Act described herein occurred in this district.

## PARTIES

7. Defendant Topy America, Inc. is a steel wheel manufacturer for passenger cars and light trucks. It has a principal address of 980 Chenault Road, Frankfort, KY 40601.

8. Topy America's website states that it is "a privately owned company and is a subsidiary of Topy Industries, Ltd. in Japan." Topy America was founded in 2007 as a merger of three Topy Industries subsidiaries.

9. Topy Industries, Ltd. is a Japanese company. Its principal office is at Art Village Osaki Central Tower, 1-2-2 Osaki, Shinagawa-ku, Tokyo, Japan.

10. According to a 2022 report issued by Topy Industries, it had 6,153 employees in 2020 and 5,897 employees in 2021.

11. According to this same report, 100% of voting rights in Topy America, Inc. was held or owned by Topy Industries.

12. At the time of its PPP loan, the majority of Topy America's board of directors was made up of members of Topy Industries. In its 2020 annual report, filed with the Kentucky Secretary of State on March 15, 2021, four of the six of Topy America's directors were Katsuyoshi Tanaka (Topy Industries General Manager, Steel Division), Masahiro Abe (Topy Industries General Manager, Engineering Administration Department), Koji Nanayama (Topy Industries General Manager, Wheel Division), and Yoichi Tomiyasu (role unknown, listing Topy Industries address).

13. Blockquote, Inc. is a company based in California that produces public interest research, news reporting and investigations.

## THE PAYCHECK PROTECTION PROGRAM

14. During the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Section 1102 of the CARES Act contains a program called the Paycheck Protection Program ("PPP"), a program administered by the U.S. Small Business Administration ("SBA") to provide economic relief to small businesses nationwide adversely impacted by the coronavirus pandemic.

15. Section 1102 of the CARES Act temporarily permitted SBA to guarantee 100% of the PPP loans. Section 1106 of the CARES Act provided for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

16. The CARES Act gives lenders delegated authority to process loan applications for PPP funding. SBA allowed lenders to rely on certifications of the borrowers in order to determine eligibility of the borrower and use of loan proceeds, and to rely on specified documents provided by the borrower to determine qualifying loan amount, and eligibility for loan forgiveness.

17. The Economic Aid Act (P.L. 116-260, in the Consolidated Appropriations Act of 2021), authorized and funded a Second Draw PPP Loan program.

18. For Second Draw PPP Loans, lenders were compensated by the federal government via processing fees based on the balance of the financing outstanding at the time of final disbursement, in the amount of five (5) percent for loans of more than $50,000 and not more than $350,000, and in the amount of three (3) percent for loans above $350,000.

19. Each borrower certified on the Second Draw loan applications that they were eligible to receive the loans under the program guidelines and that their applications and supporting documentation were accurate.

20. Borrowers were able to seek forgiveness of the loans if the funds were used for eligible payroll costs, payments on business mortgage interest payments, rent, or utilities.

## FACTUAL ALLEGATIONS

21. Topy America, Inc. was approved for a First Draw PPP loan of $5,332,989

by WesBanco Bank on April 9, 2020. It reported 372 jobs. The loan, plus interest, was forgiven.

22. Topy America, Inc. was approved for a Second Draw PPP loan for the maximum $2 million by WesBanco Bank on January 23, 2021. It reported 284 employees. The loan, including interest, was forgiven, a total of $2,021,151.

23. Version 1 of the PPP Second Draw Borrower Application Form, effective January 8, 2021, required the applicant to state "Number of Employees (including affiliates, if applicable; may not exceed 300)."

24. Version 1 of the Second Draw PPP Borrower Application Form, effective January 8, 2021, required the applicant to certify in good faith that, *inter alia*:

   a. The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) and the Department of the Treasury (Treasury) implementing Second Draw Paycheck Protection Program Loans under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) and the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the Paycheck Protection Program Rules).

   b. The Applicant, together with its affiliates (if applicable)... employs no more than 300 employees...

   c. I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not

>more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

25. Topy America must have made these certifications in order to apply for and receive PPP funds.

26. Some or all of the above PPP certifications were false when made by Topy America because it failed to adequately consider its affiliation with Topy Industries, its parent company with thousands of employees.

### A. THE AFFILIATION RULES

27. A business was eligible for a Second Draw PPP Loan if the business had 300 or fewer employees or met another limited exception, none of which apply to Topy America.

28. When multiple entities are operated under common ownership or management, the SBA generally applies "affiliation rules" that require the various entities to consolidate their employee count when evaluating their loan eligibility.

29. Under the Interim Final Rule published and effective May 21, 2020, "Paycheck Protection Program—Treatment of Entities With Foreign Affiliates," the SBA clarified that:

>SBA's affiliation rules provide that in determining an entity's number of employees, employees of the entity "and all of its domestic and foreign affiliates" are included. As a result, in most cases, a borrower is considered together with its U.S. and foreign

> affiliates for purposes of determining eligibility for the PPP.... To provide further clarification of this methodology, SBA issued guidance on May 5, 2020 (FAQ 44)[1] stating that an applicant must count all of its employees and the employees of its U.S. and foreign affiliates, absent a waiver of or an exception to the affiliation rules.

85 Fed. Reg. 30835, 30836.

30.   The Interim Final Rule, Section I, concluded, unequivocally, that "If an applicant, together with its domestic and foreign affiliates, does not meet the 500-employee or other applicable PPP size standard, it is not eligible for a PPP loan."

*Id.*

31.   The Interim Final Rule repeated this requirement again in Section II:

> Therefore, to calculate the number of employees of an entity for purposes of determining eligibility for the PPP, an entity must include all employees of its domestic and foreign affiliates, except in those limited circumstances where the affiliation rules expressly do not apply to the entity. Any entity that, together with its domestic and foreign affiliates, does not meet the 500-employee or other applicable PPP size standard is therefore ineligible for a PPP loan.

*Id.* at 30836-37 (footnote omitted).

32.   This foreign affiliation rule applied to all PPP loans applied for on or after May 5, 2020. *Id.*

33.   The Second Draw PPP program adopted, in relevant part, these same affiliation rules, except that the employee count was reduced from 500 to 300, as was consistent with the change in the general eligibility requirements. 86 Fed.

---

[1] https://home.treasury.gov/system/files/136/Paycheck-Protection-Program-Frequently-Asked-Questions.pdf

Reg. 3712, 3714-15 (January 12, 2021), codified in 13 C.F.R. § 121.

## B. TOPY AMERICA WAS AFFILIATED WITH TOPY INDUSTRIES

34. Topy America and Topy Industries qualify as "affiliates" under the SBA's Affiliation Rules for PPP Loans,[2] codified at 13 C.F.R. § 121.301(f), under the ownership test.

35. The "affiliation based on ownership" test states that:

> For determining affiliation based on equity ownership, a concern is an affiliate of an individual, concern, or entity that owns or has the power to control more than 50 percent of the concern's voting equity. If no individual, concern, or entity is found to control, SBA will deem the Board of Directors or President or Chief Executive Officer (CEO) (or other officers, managing members, or partners who control the management of the concern) to be in control of the concern.

36. At all relevant times, as discussed above, Topy America was wholly owned by Topy Industries, which had 100% of the concern's voting equity.

## C. AFFILIATION RULE WAIVER REQUIREMENTS

37. Accordingly, to avoid their affiliation with one another, Topy America or Topy Industries would have to meet one of three affiliation rule waiver requirements.

38. Pursuant to 86 FR 3712, 3714-15 (Jan. 14, 2021), the affiliation rules are waived under the PPP program for any of the following three reasons: (1) any

---

[2] https://www.sba.gov/document/support-affiliation-rules-paycheck-protection-program

business concern with less than 300 employees that, as of the date on which the loan is funded, is assigned a North American Industry Classification System (NAICS) code beginning with the digits 72; (2) any business concern operating as a franchise that is assigned a franchise identifier code by the U.S. SBA; and (3) any business concern that "receives financial assistance from a company licensed under section 301 of the Small Business Investment Act of 1958," *i.e.*, a "small business investment company." "Financial assistance" includes any type of financing listed in 13 C.F.R. § 107.50, including loans and equity. Paragraph 7(a)(36)(D)(iv) of the Small Business Act (15 U.S.C. 636(a)(36)(D)(iv)).

39.  Upon information and belief, none of these waivers apply. Topy America — an auto parts manufacturer — was not assigned a NAICS code for a food and beverage business, nor has it been assigned a franchise identifier code. It is also extremely unlikely that a company held by a multinational conglomerate would have applied for SBIC lending, and Relator has found no evidence that it had.

### D. APPLICATION OF THE ELIGIBILITY TEST

40.  Eligibility under the Second Draw PPP loan program is simple: have 300 employees or fewer, including affiliates. Revenue and alternative size standards were not considered.

41.  Notably, in April 2020, Topy America reported 372 jobs when applying for

its First Draw loan, although it is feasible that it lost 88 employees, nearly one quarter of its workforce, during the subsequent nine months of the pandemic.

42.  Regardless, when determining eligibility, Topy America should have included the employees of its parent company, Topy Industries, a massive company with well over 5,000 employees in 2021.

43.  Although this number includes employees of Topy America, as well as employees of subsidiaries of subsidiaries, Topy Industries and its other direct subsidiaries would need to only collectively employ 17 people for Topy America — claiming 284 employees — to have exceeded the 300-employee limit and to have been ineligible for Second Draw PPP funding, which it most assuredly did.

## CONCLUSION

44.  Topy America was a part of a multinational conglomerate that had no need for the $2 million in PPP funds it received on the Second Draw (let alone the $5.3 million that it received on the First Draw). Nor, for this same reason, was it eligible for the funds.

45.  Topy America should be required to repay the more than $2 million it received in PPP loans and interest that was forgiven by the federal government, processing fees, plus penalties.

## COUNT I
## VIOLATIONS OF 31 U.S.C. § 3729

## FALSE CLAIMS ACT

46. Relator hereby incorporates and realleges all other paragraphs as if fully set forth herein.

47. As set forth above, Defendant knowingly presented or caused to be presented false or fraudulent claims for payment or approval, in violation of 31 U.S.C. § 3729(a)(1)(A).

48. As set forth above, Defendants knowingly made, used, or caused to be made or used, false records or statements material to numerous false claims, in violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(B).

49. Due to Defendant's conduct, the United States Government has suffered substantial monetary damages and is entitled to recover treble damages and a civil penalty for each false claim, record, or statement. 31 U.S.C. § 3729.

50. Relator is entitled to reasonable attorneys' fees, costs, and expenses. 31 U.S.C. § 3730(d)(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Relator prays for judgment against Defendant:

(a) awarding the United States treble damages sustained by it for each of the false claims;

(b) awarding the United States a maximum civil penalty for each of the false claims and statements;

(c) awarding Relator the maximum relator's share of the proceeds of this action and any alternate remedy or the settlement of any such claim;

(d) awarding Relator litigation costs and reasonable attorneys' fees and expenses; and

(e) granting such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Relator hereby respectfully demands trial by jury on all issues and counts triable as of right before a jury.

Respectfully submitted,

*/s/ Jason Marcus*

Jason Marcus (*applying for pro hac vice*)
Georgia Bar No. 949698
**Bracker & Marcus LLC**
3355 Lenox Road, Suite 660
Atlanta, Georgia 30326
Telephone: (770) 988-5035
Facsimile: (678) 648-5544
Jason@fcacounsel.com